IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Herbert Daniel Fitch, | ) | |
| | ) | C/A No. 9:17-134-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kathy White, Christy | ) | |
| Barbee, Major Neil Urch, | ) | |
| Nurse Spavery, Dr. McDonald | ) | |
| Nurse Kinsey, and Major Freehman | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Herbert Daniel Fitch, an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendants' motion for summary judgment (ECF No. 28) be granted (ECF No. 31). Plaintiff was advised of his right to file objections to the Report. (ECF No. 31 at 17). Plaintiff timely filed objections. (ECF No. 37), and Defendants filed a response to those objections (ECF No. 41).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Report, the magistrate judge sets forth the facts and background.[1] Briefly, Plaintiff is currently a pretrial detainee at the Spartanburg County Detention Facility ("SCDF"). He alleges that, on several occasions, he has not received any medical care, and he has been improperly treated on other occasions.

In *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990), in reviewing a medical indifference claim, the Fourth Circuit Court of Appeals held that the medical treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . . [M]ere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted).[2] Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). Moreover, although the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. *Ajaj v. United States*, 479 F. Supp. 2d 501, 537 (D.S.C. 2007) (citing *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)).

---

[1] The Magistrate Judge initially noted that Plaintiff had not timely responded to Defendants' summary judgment motion, and stated that this action should be dismissed for failure to prosecute. (Report at 2). Plaintiff has since filed his response opposing the Defendants' summary judgment motion. (ECF No. 34). Accordingly, the court declines to dismiss this action for failure to prosecute. However, the Magistrate Judge also addressed the merits of the motion, and recommended the motion be granted. (Report 3-15).

[2] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U .S. 239 (1983). However, in § 1983 actions, the Fourth Circuit has held that the deliberate indifference standard is the same for both inmates and pretrial detainees. *Patten v. Nichols*, 274 F.3d 829, 834-35 (4th Cir. 2001).

The evidence before the court, including not just Plaintiff's medical records but Plaintiff's own statements in his filings, shows that Plaintiff has received continuous and ongoing treatment for his medical complaints. The medical professionals involved in Plaintiff's case have evaluated Plaintiff's condition and rendered a judgment as to the type of care and treatment warranted based on their professional experience and judgment, and Plaintiff's mere disagreement with the opinions or diagnoses of these medical professionals, without any contrary medical evidence to show that any medical professional violated the requisite standard of care for his complaints, is not sufficient to maintain a § 1983 deliberate medical indifference lawsuit. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)(holding that disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances); *Scheckells v. Goord*, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing *O'Connor v. Pierson*, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine. . . . medical fitness, whether physical or mental; that is what independent medical experts are for." )).

Accordingly, the court adopts the conclusions and recommendation set forth in the Magistrate Judge's Report (ECF No. 31) and incorporates it herein. It is therefore **ORDERED** that Defendants' motion for summary judgment (ECF No. 28) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 11, 2017
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.